**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 15-102-DLB-HAI**

**MICHAEL YANDAL**                                                                     **PLAINTIFF**

**V.**         **ORDER ADOPTING REPORT AND RECOMMENDATION**

**UNITED STATES OF AMERICA**                                     **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court on Magistrate Judge Hanly A. Ingram's Report and Recommendation ("R&R") (Doc. # 29), wherein he recommends that the Court grant Defendant's Motion to Dismiss (Doc. # 13), deny Plaintiff's Cross-Motion for Summary Judgment (Doc. # 17), and deny as moot Plaintiff's Motion to Sever (Doc. # 16). Plaintiff has filed Objections to the R&R (Doc. # 32), Defendant has filed a Response to Plaintiff's Objections (Doc. # 34), and Plaintiff has filed a Reply to Defendant's Response (Doc. # 37). Having reviewed the parties' briefings, the Court will adopt the R&R in full as the findings of fact and conclusions of law of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate's R&R. If a party is properly informed of the consequences of failing to file an objection, and fails to file an objection, "the party waives subsequent review by the district court." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections must specifically challenge portions of the report or the proposed findings or recommendations. Filing vague, general, or conclusory objections does not

1

meet the specificity requirements, and such objections may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

District courts in the Sixth Circuit have also held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp.2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Therefore, these "objections" fail to put the Court on notice of any potential errors in the Magistrate's R&R. *VanDiver*, 304 F. Supp.2d at 938.

Here, Plaintiff responded to the Magistrate's R&R with a number of general, conclusory, and frivolous objections. First, Plaintiff contends that the Magistrate's R&R lacked a complete factual basis. (Doc. # 32, p. 2). Plaintiff disputes certain facts contained within the Declarations put forth by the Defendant, upon which Plaintiff believes the Magistrate relied in making his recommendation. *Id.* Specifically, Plaintiff disputes Marguarite Carroll's statement that he "denied having any eye pain." *Id.* Contrary to Plaintiff's contention, however, the Magistrate did consider this factual dispute in his Recommendation.[1] Plaintiff also complains that the Magistrate's R&R was inaccurate

---

[1] *See* Doc. # 29, p. 3 ("[Plaintiff] asserts that Carroll did not listen to his complaints regarding his symptoms and was 'only interested in completing the vision exam.'") and p. 17 ("Plaintiff has provided no support for his argument, while Defendant's position is supported by the record. Carroll's declaration confirms her observations from the March 11 record.").

because it referred to Plaintiff's April 20, 2015 Chronic Care visit as his "most recent encounter with medical services," even though Plaintiff had submitted photographs of his medical condition taken the following January. (Doc. # 32, p. 2-3).  In fact, the Magistrate was aware of the photographs, and had filed an Order striking them from the record because they were filed as part of an untimely reply. (Doc. # 31).  Thus, the R&R did not lack a complete factual basis.

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's Motion to Sever (Doc. # 16) is moot because Phillip Robinson (the party Plaintiff wished to sever) was not a named party in the Complaint. (Doc. #1).[2]  Plaintiff argues that the Magistrate's August 4th Order (Doc. # 6) directing the Clerk to prepare two packets for service upon the United States led him to believe that Robinson and Marguarite Carroll were named as individual parties (see Doc. # 32, pg. 9).  This frivolous and repetitive objection is not subject to review by the Court.  To the extent the objection should be considered, given the leniency afforded to *pro se* plaintiffs, the Court still finds the Magistrate's conclusion sound.  The Magistrate Judge thoughtfully addressed Plaintiff's misunderstandings as a *pro se* plaintiff as follows:

> It is clear from the record that only the United States was served with a summons.  *See* D.E. 11 (Returned Summons Served on United States by United States Marshal Service).  However, Plaintiff, at least implicitly, has indicated that he believes Carroll and Robinson to be parties before the Court.

---

[2] Plaintiff filed a Motion to Sever because the court lacks subject matter jurisdiction under the Federal Tort Claims Act to hear Plaintiff's claims against the United States stemming from the actions of an independent contractor.  Plaintiff acknowledged that Phillip Robinson is an independent contractor.  Nevertheless, the Magistrate conducted a thorough analysis to reach this conclusion independently. (Doc. # 29, p. 7-9).  Plaintiff's Objection does not challenge this conclusion.

> First, Robinson and Carroll are not named Defendants in the action. Pleadings filed by pro se [sic[ plaintiffs are "to be liberally construed" and should be "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless, pro se [sic] plaintiffs must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

(Doc. # 29, p.10). The Magistrate's analysis is equally applicable to Plaintiff's erroneous interpretation of the August 4th Order. Plaintiff's misunderstanding alone does not change the fact that Robinson and Carroll were not parties named in the Complaint. (Doc. # 1). Thus, The Magistrate was correct to deny Plaintiff's Motion to Sever as moot.

Next, Plaintiff objects to the Magistrate's recommendation to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Cross-Motion for Summary Judgment. The Magistrate Judge found that Plaintiff did not introduce the evidence necessary to establish a cause of action for medical malpractice. (See Doc. # 29, pg. 20).[3] The Magistrate Judge thoughtfully considered Plaintiff's argument that the medical examiner's (Robinson's) own records could qualify as expert evidence:

> A review of the record, however, reveals that the medical records submitted with Defendant's motion do not adequately provide evidence of the applicable standard of care, whether Robinson and Carrol [sic] departed from that standard, or whether Plaintiff's injuries were caused by this departure. The crux of Plaintiff's negligence claim is that Robinson prescribed him Gentamicin Ophthalmic Solution, to which Plaintiff had an allergic reaction. Moreover, Plaintiff alleges that Robinson and Carroll were negligent because they failed to adequately treat his reaction. Neither of these claims is sufficiently supported by the medical records.

(Doc. # 29, p. 15-16). There are two exceptions to the expert testimony requirement. First, expert evidence may be established through the defendant's own admissions or medical

---

[3] Under Kentucky law, "the plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. App. 2006) (citing *Johnson v. Vaughn*, 370 S.W.2d 591, 596-97 (Ky. 1963)).

evidence obtained from other treating physicians. Second, under the "layman's exception," plaintiffs can establish negligence in a situation in which any layman could "conclude from common experience that such things do not happen if there has been proper skill and care." *Andrew*, 203 S.W.3d at 170-71. The Magistrate considered Plaintiff's argument that the "layman exception" could be applied in his case:

> The layman exception does not apply in this case as Plaintiff has failed to provide any authority or argument for its application to the factual basis for his claim. Plaintiff's case is not one in which a foreign object was left in his body or where the wrong part of his body was treated. His claim is based upon the theory that he was prescribed medication, to which he was allergic, and that he was given the wrong treatment to treat that allergic reaction. Based on this record, the Court cannot conclude that a layperson would conclude that Robinson should not have prescribed him the Gentamicin or even be competent to make that determination. Likewise, a layperson could not conclude whether his reaction should have been treated differently by Robinson or Carroll, including whether or not Benadryl would have been a more effective solution. Therefore, this exception does not apply to his case.

(Doc. # 29, p. 19).

In his Objection, Plaintiff introduces the Merck Manual of Diagnosis and Therapy as expert evidence to support his claim. The introduction of the Merck Manual does not remedy the problems with the exceptions addressed in the R&R. The first exception, in which the medical records themselves provide expert evidence, remains unsatisfied. This exception applies only if the records themselves establish the recognized standard of care and show a deviation from that standard. Plaintiff seeks to use the Merck Manual to establish the standard of care, and use the medical records to show a deviation from that standard. The Merck Manual, standing alone, cannot be used as expert evidence. *See* FED. R. EVID. 803(18). Further, Plaintiff cannot offer his own interpretation of the Merck Manual as expert evidence to establish the standard of care, because Plaintiff does not possess

5

the medical expertise to form an opinion "based on reasonable medical probability and not speculation or possibility" as required by Kentucky law. *Andrew*, 203 S.W.3d at 170.

Additionally, Plaintiff argues that the Merck Manual can be used to satisfy the layman's exception. (Doc. # 32, p. 8). Plaintiff's interpretation of the layman's exception would require lay people to apply the information contained in a medical manual to medical records and evidence in order to determine whether a trained physician acted negligently. This complicated analysis is not the type of "common experience" contemplated by Kentucky courts.[4] Since the Merck Manual does not constitute expert evidence, the Plaintiff's claim remains unsubstantiated, and the Court will adopt the Magistrate's conclusion regarding summary judgment.

Finally, Plaintiff "requests further explanation as to why 'the only claim Plaintiff has remaining against the United States is that stemming from the actions of Carroll' and how 'that claim is flawed as well.'" (Doc. # 32, p. 9). This is not an "objection." Moreover, upon its review of the Magistrate's Report and Recommendation, the Court finds that the conclusions in question were fully explained.

Plaintiff's objections not withstanding, the Court concurs with the Magistrate Judge's thorough and well-reasoned R&R. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)    Magistrate Judge Ingram's Report and Recommendation (Doc. # 29) is hereby **adopted** as the findings of facts and conclusions of law of the Court;

---

[4] This exception is "illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an inappropriate part of the anatomy." *Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky. 1992).

(2) Defendant's Motion to Dismiss, or in the alternative, for summary judgment (Doc. # 13) is **granted**;

(3) Plaintiff's Cross-Motion for Summary Judgment (Doc. # 17) is **denied**;

(4) Plaintiff's Motion to sever (Doc. # 16) is **denied as moot**;

(5) This matter is hereby **dismissed** and **stricken** from the Court's active docket; and

(6) A Judgment shall be entered contemporaneously herewith.

This 12th day of September, 2016.

Signed By:
*David L. Bunning* DB
United States District Judge